IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>DARRELL GALE CURRIER,<br><br>　　　　Defendant. | CR No. 95-428-01-PA<br>CIV No. 05-476-PA<br><br>ORDER |

**PANNER, J.**

　　　Defendant Darrell Gale Currier moves under 28 U.S.C. § 2255 to vacate or correct his sentence. I deny the motion.

### BACKGROUND

　　　In November 1995, defendant was indicted on a charge of being a felon in possession of a firearm. The government sought an enhanced penalty under the Armed Career Criminal statute.

　　　Defendant pleaded guilty in February 1996. The

PAGE 1 - ORDER

government agreed to recommend a fifteen-year mandatory minimum sentence.

In April 1996, defendant was sentenced at the mid-point of the guideline range, 189 months. Defendant did not file a direct appeal. Defendant filed this motion on April 5, 2005.

**DISCUSSION**

**I. Statute of Limitations**

Section 2255 requires that a defendant file a motion within one year from the latest of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Here, only subsection (3) could apply. Defendant contends that he was "deprived of [his] Constitutional right to have a jury determine all facts legally essential to [his] sentence." Defendant is apparently relying on <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000), which does not apply to the validity of prior convictions. <u>Apprendi</u> also does not apply retroactively to

cases on collateral review. United States v. Sanchez-Cervantes, 282 F.3d 664, 671 (9th Cir. 2002); Cooper-Smith v. Palmateer, 397 F.3d 1236, 1245-46 (9th Cir. 2005) (holding that Sanchez-Cervantes was not overruled by Blakely v. Washington, 124 S. Ct. 2531 (2004), or by other post-Apprendi Supreme Court decisions).

I conclude that defendant's motion is not timely. It was filed more than a year after the judgment of conviction became final, and none of the exceptions to the one-year limitation applies. See Maller v. United States, Cr. No. 98-07-HA, Civ. No. 04-1053-HA, 2005 WL 850313, at *2 (D. Or. April 12, 2005) (denying § 2255 motion on similar grounds).

## II. Plea Agreement

Defendant contends that the 189-month sentence he received violated the plea agreement because the government agreed to recommend 180 months. The plea agreement did not require a sentence of 180 months, however, so the sentence imposed did not violate the plea agreement.

## III. Burglary Conviction

Defendant was sentenced as an Armed Career Criminal under 18 U.S.C. § 924(e)(1), based on three previous convictions for crimes of violence. Defendant contends that one of his previous convictions, for second-degree burglary, was not a crime of violence.

I agree with the government that second-degree burglary under Or. Rev. Stat. § 164.215(1) is a crime of violence for purposes of the Armed Career Criminal Act. See id. ("a person commits the crime of burglary in the second degree if the person enters or remains unlawfully in a building with intent to commit a crime therein"); United States v. Cunningham, 911 F.2d 361, 362-63 (9th Cir. 1990) (§ 164.215(1) satisfies generic burglary requirements to qualify as a violent crime under the Armed Career Criminal Act). Cunningham is still good law.

Even if the Oregon statute defining second-degree burglary was too broad on its face, the court may apply a "modified categorical approach." Under that approach, the court considers documentation or judicially noticeable facts to determine whether the offense actually included all the elements of generic burglary under Taylor v. United States, 495 U.S. 575 (1990). See United States v. Wenner, 351 F.3d 969, 972 (9th Cir. 2003). Here, court records show that defendant pleaded guilty to entering a church unlawfully with the intent to commit theft therein. Given these facts, defendant's conviction for second-degree burglary is a crime of violence for Armed Career Criminal purposes.

I deny defendant's motion. There is no need for an evidentiary hearing. See United States v. Burrows, 872 F.2d

915, 917 (9th Cir. 1989).

## CONCLUSION

Defendant's motion to vacate or correct sentence (#20) is denied.

IT IS SO ORDERED.

DATED this 16 day of May, 2005.

_____
OWEN M. PANNER
United States District Judge

PAGE 5 - ORDER